```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
                                                   :
In re:                                             :    Case No. 17-10892 (SMB)
                                                   :
LOAAI AL-AKWAA,                                    :    Chapter 7
                                                   :
         Debtor.                                   :
---------------------------------------------------X
                                                   :
SAMA'A AL-HAMDANI,                                 :    Adv. No. 17-01092 (SMB)
                                                   :
         Plaintiff,                                :
                                                   :
    – against –                                    :
                                                   :
LOAAI AL-AKWAA,                                    :
                                                   :
         Defendant.                                :
---------------------------------------------------X
```

## MEMORANDUM DECISION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

**A P P E A R A N C E S:**

QUINN EMANUEL URQUHART & SULLIVAN
*Counsel for Plaintiff*
51 Madison Avenue, 22 Floor
New York, New York 10010

    Jordan Harap, Esq.
     Of Counsel

LAW OFFICE OF JULIO E. PORTILLA, P.C.
*Counsel for Defendant*
555 Fifth Avenue, 17th Floor
New York, New York 10017

    Julio E. Portilla, Esq.
     Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

The parties participated in an Islamic marriage ceremony as part of which the Defendant agreed to pay a "postponed" $30,000.00 dowry (the "Dowry"). They subsequently divorced, and the divorce court directed the Defendant to pay the Dowry. After the Defendant filed for bankruptcy, his ex-spouse commenced this adversary proceeding to declare the Dowry non-dischargeable, and has now moved for judgment on the pleadings seeking a declaration that the Dowry is non-dischargeable under 11 U.S.C. § 523(a)(15). (*See Motion for Judgment on the Pleadings*, dated March 22, 2018 ("*Motion*") (ECF Doc. # 15).) The *Motion* is denied for the reasons that follow.

**BACKGROUND**

**A.    The Parties' Marriage and Divorce**

Plaintiff Sama'a Al-Hamdani and Defendant Loaai Al-Akwaa were lawfully married in Virginia, apparently in a civil ceremony, on August 5, 2010. (*See Findings of Fact, Conclusions of Law and Judgment of Absolute Divorce*, dated October 19, 2015 ("*Divorce Decree*"), ¶ 12 (ECF Doc. # 1).)[1] On February 5, 2013, the Plaintiff and Defendant participated in an Islamic marriage ceremony in the District of Columbia. (*Id.* ¶ 13.) The *Certificate of Marriage* issued by the Islamic Center of Washington, D.C. included the Dowry, no portion of which was then payable and all of which was "postponed." (*Certificate of Marriage*, dated Feb. 5, 2010, (ECF Doc. #19-1).)[2] The

---

[1]    The *Divorce Decree* is attached to the *Complaint*, filed June 27, 2017 (the "*Complaint*"). (ECF Doc. # 1.)

[2]    Although not part of the pleadings, the parties have not disputed the authenticity of the *Certificate of Marriage* attached as Exhibit 1 to the *Debtor's Opposition to Plaintiff's Motion for Judgment on the Pleadings*, dated April 19, 2018 ("*Response*") (ECF Doc. # 19).

2

*Certificate of Marriage* was signed by both Plaintiff and Defendant, their witnesses, and the Director of the Islamic Center.  (*Id.*)

The Plaintiff and Defendant separated approximately five days later, (*Divorce Decree* ¶ 15), and the Plaintiff filed a Complaint for Absolute Divorce in the Superior Court of the District of Columbia Family Court (the "DC Court") on July 6, 2015.  (*Id.* ¶ 2.)  The Defendant filed a Contested Answer and Counterclaim on August 12, 2015, but failed to appear before the DC Court, (*id.* ¶ 4), and a default was entered against him.  (*Id.* ¶ 5.)  The DC Court scheduled a default hearing for September 16, 2015, directed both parties to appear and sent each a notice warning that "[i]n the absence of the Defendant or Respondent, a judgment or order may be entered against the Defendant or Respondent."  (*Id.* ¶ 6.)  The Defendant sought a continuance in order to consult with an attorney, (*id.* ¶ 7), the DC Court granted the continuance and rescheduled the hearing for October 9, 2015, (*id.* ¶ 8), but the Defendant again failed to appear.  (*Id.* ¶ 10.)

The DC Court issued a *Divorce Decree* on October 9, 2015.  The *Divorce Decree* contained certain findings of fact, including that the parties had agreed upon the Dowry, (*id.* ¶ 13), no part had been advanced, and the entire amount had been postponed at the time of the Islamic marriage ceremony.  (*Id.* ¶ 14.)  The *Divorce Decree* did not divide any property or debts between the parties, (*Divorce Decree* ¶ 17), but the Plaintiff requested payment of the Dowry.  (*Id.* ¶ 18.)  Finally, there was no request for alimony.  (*Id.* ¶ 20.)

In addition to granting a divorce, the DC Court held that the "dowry (sadaq) complies with principles of contract law and is therefore an enforceable contract between the parties."  (*Id.* at 4 (citing *Akileh v. Elchahal*, 666 So. 2d 246, 248 (Fla. Dist.

3

Ct. App. 1996); *Schwartz v. Schwartz*, 583 N.Y.S.2d 716, 718 (Sup. Ct. 1992); *Aziz v. Aziz*, 488 N.Y.S.2d 123 (N.Y.Sup. Ct. 1985)).) The DC Court awarded Plaintiff a Judgment of Absolute Divorce, and ordered that "Defendant shall pay $30,000.00 to Plaintiff for the dowry (sadaq) agreed upon on February 5, 2013." (*Id.* at 4.)

The Plaintiff subsequently filed a motion for contempt in the DC Court apparently based on the Defendant's failure to pay the Dowry, the only obligation imposed on the Defendant under the *Divorce Decree*. On April 4, 2017, however, the Defendant filed a chapter 7 petition in this Court, and the bankruptcy was pending on the April 11, 2017 return date of the Plaintiff's contempt motion.[3]

Both parties appeared on the return date, (*Order*, dated Apr. 11, 2017 ("*Contempt Order*"), at 1 (ECF Doc. # 1)),[4] and the Defendant provided proof of his pending bankruptcy to the DC Court. (*Id.*) As a result, the DC Court denied the Plaintiff's motion for contempt without prejudice, but took testimony and entered judgment for the Plaintiff in the amount of $30,000 against the Defendant pursuant to the terms of the *Divorce Decree*.[5] (*Id.*)

## B.   This Adversary Proceeding

On June 27, 2017, the Plaintiff submitted a *pro se* letter to this Court requesting the denial of the discharge of the debt based on the Dowry, arguing that it fell within the

---

[3]   The Defendant's schedules listed the Plaintiff as a creditor with a claim for $30,000, and indicated that the basis of the claim was "Contract re Ex-Wife's Dowry." (*Schedule E/F to Al-Akwaa Voluntary Petition for Individuals*, dated April 4, 2017, at 4. (ECF Main Case Doc. # 1.)

[4]   The *Contempt Order* is attached to the *Complaint*.

[5]   The parties have not argued that the *Contempt Order* or the entry of judgment pursuant to the *Contempt Order* was a violation of the automatic stay.

4

exception to discharge under 11 U.S.C. § 523(a)(5) and (a)(15). The letter attached the *Divorce Decree* and the *Contempt Order* which have already been described. The Court treated the letter and its attachments as the *Complaint* commencing this adversary proceeding.

The Defendant filed an *Answer*, dated Aug. 15, 2017 (ECF Doc. # 3), in which he admitted that the parties had entered into the Dowry, and the DC Court had held that the Dowry was an enforceable contract. (*Id.* ¶ 3.) After counsel appeared for the Plaintiff, she filed the *Motion*. She argued that the Dowry was not dischargeable pursuant to Bankruptcy Code § 523(a)(15) because it was incurred "in connection with a... divorce decree," (*Memorandum of Law in Support Of Motion of Plaintiff Sama'a Alhamdani for Judgment on the Pleadings Pursuant to Fed R. Bankr. P. 7012 and Fed. R. Civ. P. 12(c)*, dated Mar. 22, 2018 ("*Plaintiff Memo*"), at 5-6 (ECF Doc. # 16)), or because it is a contractual obligation "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement." (*Id.* at 6-10.)

In response, the Defendant initially argued that the Dowry was not a "domestic support obligation," and hence, was dischargeable despite 11 U.S.C. § 523(a)(5). (*Debtor's Opposition to Plaintiff's Motion for Judgment on the Pleadings*, dated April 19, 2018 ("*Response*"), at ¶¶ 17-19 (ECF Doc. # 19).) The Plaintiff did not, however, make this argument in the *Motion*, limiting her *Motion* to non-dischargeability under 11 U.S.C. § 523(a)(15). As to that contention, the Defendant maintained that the Dowry "was not incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record," (*id.* at ¶ 20), and the parties' contract was not a prenuptial agreement. (*Id.* at ¶¶ 21-30.) Finally, the

5

Defendant contended that the Dowry was too vague and uncertain to be enforceable as either a premarital or post-marital agreement. (*Id.* ¶¶ 31-34.) However, both parties had appeared at the contempt proceeding which resulted in the issuance of the *Contempt Order* and the entry of judgment, and the Defendant has not explained the basis on which he can collaterally attack that judgment or the enforceability of the Dowry into which it merged.

## DISCUSSION

In deciding a motion under Rule 12(c), a courts applies the same standards that govern a motion to dismiss for failure to state a claim under Rule 12(b)(6). *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011); *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Accordingly, the court must accept all factual allegations by the non-moving party as true, and draw all reasonable inferences in his favor. *Hayden v. Patterson*, 594 F.3d 150, 160 (2d Cir. 2010); *Life Product Clearing, LLC v. Angel*, 530 F. Supp. 2d 646, 651 (S.D.N.Y. 2008). In addition, as with Rule 12(b)(6), "a court may consider the pleadings and attached exhibits, statements, or documents incorporated by reference, and matters subject to judicial notice." *Life Product Clearing,* 530 F. Supp. 2d at 652.

> Bankruptcy Code § 523(a)(15) excepts from discharge a debt
>
> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record or a determination made in accordance with state or territorial law by a governmental unit.

6

The Plaintiff argues that her Dowry is a non-dischargeable debt because the Defendant was directed to pay it in the *Divorce Decree* and *Contempt Order* issued by the DC Court, and was, therefore, "incurred in the course of a divorce" and "in connection with a . . . divorce decree or other order of a court of record." The Bankruptcy Code does not define when a debt is "incurred," *Gibson v. Gibson* (*In re Gibson*), 219 B.R. 195, 202 (B.A.P. 6th Cir. 1998); *In re Chaudry*, 569 B.R. 372, 375 (Bankr. D.N.J. 2017), but the term means "to suffer or bring on oneself (a liability or expense)." BLACK'S LAW DICTIONARY 885 (10th ed. 2014); *accord* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (UNABRIDGED) 1146 (1981) ("become liable or subject to: bring down upon oneself."). The Bankruptcy Code defines a "debt" as a liability on a "claim," 11 U.S.C. § 101(12), and a "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. 101(5)(A).

Here, the Defendant "incurred" a "postponed" obligation to pay the Dowry, presumably contingent on some future event, when he signed the *Certificate of Marriage*. *See In re Pan Trading Corp., S.A.*, 125 B.R. 869, 875 (S.D.N.Y. 1991) ("A debt is incurred when the debtor first becomes legally obligated to pay. . . . [A] debtor generally becomes legally obligated on it on the date when the debtor originally undertook the obligation, not when each payment comes due.") It should follow that the debt, which pre-existed the divorce, was not "incurred" in the course of the parties' divorce or in connection with the *Divorce Decree* or *Contempt Order* simply because it was included in the *Divorce Decree* and *Contempt Order.*

7

This was the conclusion reached in *Sherman v. Proyect* (*In re Proyect*), 503 B.R. 765 (Bankr. N.D. Ga. 2013). There, both the debtor and ex-spouse guaranteed certain obligations on behalf of their business, including a lease and an SBA-guaranteed loan. *Id.* at 768. The parties' divorce decree incorporated a settlement agreement pursuant to which each was responsible for paying 50% of any remaining debt on the SBA-loan and lease. *Id.* at 770. The provision did not contain any indemnity or "hold harmless" language, *id.*, so no new debt was created on that account. The question was whether the SBA loan and lease debts were "incurred" in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.

The *Proyect* court initially rejected the conclusion that a pre-existing obligation recited in a divorce decree or settlement agreement is non-dischargeable under 11 U.S.C. § 523(a)(15):

> If Congress did have that intent, it could have simply provided that the exception to discharge applies to all debts addressed in a divorce settlement agreement rather than limiting the scope of the exception to debts "*incurred* by the debtor *in the course of* a divorce or separation *or in connection with* a separation agreement, divorce decree, or other order of a court of record." . . . Thus, rendering every obligation to be nondischargeable simply because it is mentioned in a divorce settlement agreement seems to go far beyond what Congress intended.
>
> More importantly, the mere restatement of an existing obligation between the parties in a settlement agreement does not necessarily create new enforcement rights—and thus a new debt—that did not already exist. *The crucial question is: what were the relative rights and obligations of the debtor and the former spouse before and after the divorce?*

*Id.* at 775 (emphasis in last sentence added); *accord* 4 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 523.23, at 523-128 (16th ed. 2017) (finding *Proyect's* reasoning more persuasive "that holding a debt nondischargeable

'simply because it is mentioned in a divorce settlement seems to go far beyond what Congress intended.'").

The *Proyect* court concluded that the debts relating to the lease and the SBA loan were dischargeable. The parties were already obligated to pay these debts, and even in the absence of the settlement agreement or the divorce decree, each had a state law right to indemnity or contribution from the other if one paid more than 50%. As those debts did not change, the obligations were not "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record." *Id.* at 776; *accord Stegall v. Stegall* (*In re Stegall*), 188 B.R. 597, 597-598 (Bankr. W.D. Mo. 1995) (discharge exception inapplicable to loan debt where divorce decree "simply listed which debts were to be assumed by each of the parties."); *cf. Gibson*, 219 B.R. at 205 (despite absence of hold harmless clause, direction in divorce decree requiring debtor to pay joint obligation under pre-existing note was non-dischargeable because the divorce decree extinguished all pre-existing obligations of the parties to each other, created new rights in favor of the non-debtor spouse, and the obligation was fully enforceable against the debtor.)

Other courts have interpreted the discharge exception more broadly. They decline to "look under the hood," and conclude that any pre-existing debt recited in a divorce decree is non-dischargeable.[6] *E.g.*, *Lashinsky v. Lashinsky* (*In re*

---

[6] The Plaintiff cited several other cases to support her argument that any debt incorporated into a divorce decree is non-dischargeable. (*See Plaintiff Memo* at 6.) However, all of her authorities involved obligations incurred in the first instance in connection with matrimonial proceedings and did not exist before then. *See Levin v. Carlton* (*In re Carlton*), Adv. No. 15-01099, 2017 WL 192954, at *10 (B.A.P. 10th Cir. Jan. 18, 2017)(award of attorney's fees incurred in connection with matrimonial proceeding not

9

*Lashinsky*), Adv. No. 3:14–ap–21–PMG, 2014 WL 3337467, at *2 (Bankr. M.D. Fla. July 7, 2014) ("For purposes of § 523(a)(15), an existing debt between spouses is "incurred" in the course of a divorce or in connection with a divorce decree when the debt is expressly incorporated in the judgment of dissolution."); *Hall v. Hall* (*In re Hall*), 285 B.R. 485, 489 (Bankr. D. Kan. 2002) (same). They rely primarily on *Short v. Short* (*In re Short*), 232 F.3d 1018 (9th Cir. 2000) to support this conclusion. In *Short*, the debtor received a $50,000.00 loan from the non-debtor. The parties subsequently married, and entered into a post-nuptial agreement that provided that the loan would be cancelled if the marriage lasted for more than three years. If the parties separated or divorced before three years, the debtor would repay the $50,000.00, without interest, at the rate of $500.00 per month. *Id.* at 1020-21.

The parties separated a few weeks later, the debtor filed for divorce, and the parties entered into a stipulated judgment in the divorce proceeding. Among other things, their stipulation gave the debtor certain credits against the $50,000.00 obligation, fixed the unpaid portion at $41,450.00, imposed an annual interest rate of 8.469% on the unpaid portion, and required the debtor to

---

dischargeable); *Kantrowitz, Goldhamer & Graifman, P.C. v. Mason* (*In re Mason*), 545 B.R. 462, 467 (Bankr. S.D.N.Y. 2016) (Award of counsel fees "was part of the Divorce Judgment and subsequent Divorce Order, [and] was 'incurred in the course of a divorce.'"); *Paulus v. Paulus* (*In re Paulus*), Adv. No. 10-3392, 2011 WL 2560285, at *2-3 (Bankr. N.D. Ohio June 28, 2011) (obligation imposed on debtor under divorce decree to pay the parties' joint credit card debt and hold non-debtor harmless with respect to the debt created a new obligation running from the debtor to his ex-spouse and was non-dischargeable); *Monastra v. Monastra* (*In re Monastra*), Adv. No. 10-090 ELF, 2010 WL 3937354, at *4 (Bankr. E.D. Pa. Oct. 6, 2010) (sanctions, fines and attorneys' fees awarded in favor of non-debtor spouse in divorce action were not dischargeable under either 11 U.S.C. § 523(a)(5) or (a)(15)); *Carney v. Carney* (*In re Carney*), Adv. No. 98-0753, 1999 WL 395373, at *5 (Bankr. E.D. Pa. June 4, 1999) (equitable distribution award non-dischargeable).

pay his ex-spouse $600.00 per month until the debt was satisfied. Finally, the stipulated judgment provided that it superseded the post-nuptial agreement which was null and void. *Id.* at 1021. The debtor subsequently filed a chapter 7 petition, and his ex-spouse filed a proceeding challenging the dischargeability of the remaining debt under 11 U.S.C. § 523(a)(15). The debtor argued in opposition to the plaintiff's action, *inter alia*, that the debt relating to the loan did not qualify because it was a separate debt incurred before the marriage. *Id.* at 1020.

The Ninth Circuit disagreed. It concluded that "the debt is nondischargeable because it was incurred by the debtor as part of the division of property in the course of a judgment of dissolution." *Id.* The debtor's conditional promise to repay depending on the length of the marriage was contained in the parties' post-nuptial agreement, and "more significantly," the divorce decree specified the terms of its payment. Accordingly, "Mr. Short's contention that his $50,000 loan from Ms. Short is not divorce-related, even though the terms of its repayment were expressly incorporated into the decree of dissolution, lacks merit." *Id.* at 1022-23. *Short* does not, therefore, support the broad proposition that any pre-existing debt included in a divorce decree is automatically non-dischargeable under Bankruptcy Code § 523(a)(15). Instead, the terms of the pre-existing debt must be fixed under a pre-nuptial or post-nuptial agreement or in a divorce proceeding as part of a property settlement or division of property.

Here, neither the *Divorce Decree* nor the *Contempt Order* altered or fixed the terms of the debt that pre-existed the divorce. They simply enforced the debt. Further, the direction to pay the Dowry cannot be viewed as part of a property

11

settlement under the *Divorce Decree* because the *Divorce Decree* did not include a property settlement or division of property. Accordingly, the Dowry was not incurred in the course of the parties' divorce or in connection with the *Divorce Decree* or *Contempt Order*.

This does not, however, end the matter. The Dowry was not a commercial debt, and the pleadings suggest that it may have been incurred in the course of a separation or in connection with a separation agreement. The term "separation agreement" as used in Bankruptcy Code § 523(a)(15) is not confined to its traditional meaning or labels. *Davis v. Saulsbury* (*In re Saulsbury*), Adv. No. 01–3013, 2012 WL 5450993, at *2 (Bankr. N.D.N.Y. Nov. 7, 2012). Generally, a dowry serves two purposes, and may be divided into two corresponding parts — "prompt" and "deferred." The prompt portion is payable at the time the marriage contract is concluded, and serves as consideration for the marriage. The deferred portion must be paid only at the time the marriage is terminated, and serves as protection in the event of a divorce. JOHN L. ESPOSITO, WOMEN IN MUSLIM FAMILY LAW 23-24 (2d ed. (2001).)

The pleadings suggest that the Dowry was contracted as part of a post-nuptial agreement made in contemplation of separation and, ultimately, a divorce. No portion of the Dowry was payable when the parties entered into the *Certificate of Marriage*; the entire portion was "postponed," *i.e.*, deferred. Furthermore, the parties separated only five days later. The pleadings imply that parties contemplated that the obligation to pay the Dowry would be triggered by the parties' separation or, more likely, their divorce, and given the subsequent

12

divorce, in lieu of any alimony or other division of property. In those circumstances, the debt would be non-dischargeable.

At bottom, this is a contract dispute that cannot be decided on the pleadings. The Court must weigh the parties' testimony and other evidence to determine what they intended when they entered into the *Certificate of Marriage* that provided for the postponed Dowry. Accordingly, the *Motion* is denied, and the parties are directed to contact chambers and schedule a pre-trial conference.

So ordered.

Dated:   New York, New York
         May 30, 2018

                                        /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Judge